**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DR. PETER A. CRIST, *et al.*, | Civil Action No. 23-3448 (MAS) (TJB) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | |
| CENLAR FSB, *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Cenlar FSB's ("Cenlar") Motion to Dismiss Plaintiffs Dr. Peter A. Crist ("Dr. Crist") and Hilary J. Crist's ("Hilary") (collectively, the "Crists") Second Amended Complaint ("SAC") (ECF No. 17) pursuant to Federal Rule of Civil Procedure 12 (b)(6)[1] (ECF No. 18). The Crists opposed (ECF No. 19), and Cenlar replied (ECF No. 20). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons below, the Court grants Cenlar's Motion to Dismiss.

**I.  BACKGROUND**[2]

The Court, cognizant it writes for the benefit of parties familiar with this matter, adopts and incorporates the factual background set forth in the Court's Memorandum Opinion dated June

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

[2] In considering the instant Motion, the Court accepts all factual allegations in the SAC as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

17, 2024 ("June 2024 Opinion"), dismissing the Crists' First Amended Complaint ("FAC"). (June 2024 Op., ECF No. 15.) In this Memorandum Opinion, the Court focuses only on the additional allegations brought in the SAC and whether such additions render the SAC capable of surviving Cenlar's Motion to Dismiss.[3] (Def.'s Moving Br., ECF No. 18-1.)

In the June 2024 Opinion, the Court dismissed the FAC in its entirety. (*See generally* June 2024 Op.) Specifically, the Court found that the FAC failed to sufficiently allege *actual* damages because the Crists' "bare allegations . . . did not adequately allege that the[ir] alleged mental anguish was 'as a result of' the financing institution's violation—the failure to respond to the [Qualified Written Request ("]QWR[")] letter regarding the mortgage loan modification—as opposed to the financial hardships they were already facing."[4] (*Id.* at 8.) In dismissing the FAC, the Court granted the Crists an opportunity to amend, which the Crists did by timely filing the SAC on July 10, 2024.[5] (*See generally* SAC, ECF No. 17.)

While largely tracking the same theories of recovery, the Crists' amended allegations for their purported RESPA violation state that "[b]ecause of and as [a] direct causal result of [Cenlar]'s failure to timely respond to the [Crists'] written requests for information concerning the [mortgage loan modification], [and] the confounding and inaccurate information provided by [Cenlar] to the [Crists], the [Crists] have incurred damages." (*Id.* ¶ 75.) Specifically, the Crists now allege that they suffered actual damages in the form of financial damages associated with legal fees (*id.*

---

[3] While the Court adopts the entirety of the June 2024 Opinion's background, the Court changes the citations of relevant facts to comport with the Crists' SAC.

[4] After dismissing the Crists' Real Estate Settlement Procedures Act ("RESPA") claim, the Court declined to exercise supplemental jurisdiction over the Crists' state law claims. (June 2024 Op. 9.)

[5] The Crists' SAC reasserts the same five causes of action: (1) violation of RESPA; (2) conversion; (3) common law fraud; (4) consumer fraud under N.J. Stat. Ann. 56:8-2; and (5) common law negligent misrepresentation. (SAC ¶¶ 72-99.)

¶ 75(a)), physical and emotional distress (*id.* ¶ 75 (c)), and financial damages by way of Dr. Crist's lost income (*id.* ¶ 75(b)).

## II.    <u>LEGAL STANDARD</u>

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

A complaint must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). In the end, a court will grant a motion to dismiss brought under Rule 12(b)(6) if the factual allegations in the complaint are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION[6]

Cenlar again moves to dismiss Counts I, II, and V of the SAC, arguing that each is insufficiently pled as a matter of law. (Def.'s Moving Br. 3-5.) For the following reasons, the Court again dismisses the Crists' RESPA claim (Count I) (the "Federal Claim") and declines to exercise supplemental jurisdiction over the Crists' remaining state law claims (Counts II-V) (the "State Claims").

### A. The Federal Claim

In the SAC, the Crists allege that Cenlar violated RESPA. (SAC ¶¶ 72-75.) "RESPA establishes a mechanism for borrowers to obtain information from and to contest errors made by their mortgage servicers." *Schepisi v. Santander Bank, N.A.*, No. 18-15006, 2019 WL 699959, at *2 (D.N.J. Feb. 20, 2019). "To that end, the statute requires that servicers of mortgage loans respond to inquiries from borrowers regarding their loans within a set amount of time." *Heyman v. CitiMortgage, Inc.*, No. 14-1680, 2019 WL 2642655, at *35 (D.N.J. June 27, 2019) (citing 12 U.S.C. § 2605). If a loan servicer "receives a [QWR] from the borrower . . . for information relating to the servicing" of a "federally related mortgage loan," the loan servicer must "make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties." 12 U.S.C. § 2605(e)(1)(A), (2)(A). The loan servicer must also "transmit to the borrower a written notification of such correction," or explain to the borrower why "the servicer believes the account of the borrower is correct" or "why the information requested is unavailable." *Id.* § 2605(e)(2)(A), (B)(i), (C)(i). Finally, the loan servicer must respond to a QWR within thirty days after receipt. *Id.* § 2605(e)(2).

---

[6] The Court incorporates its discussion from the June 2024 Opinion here by reference. (June 2024 Op. 6-10.)

To establish a RESPA claim, a plaintiff must adequately allege: "(1) the submission of a qualified written request by a borrower to a loan servicer for information relating to the servicing of the loan[;] (2) a failure by the loan servicer to timely respond[;] and (3) damages." *Davis v. Deutsche Bank Nat'l Tr. Co.*, No. 16-5382, 2017 WL 6336473, at *7 (E.D. Pa. Dec. 12, 2017) (citing *Hawk v. Carrington Mortg. Servs., LLC*, No. 14-1044, 2016 WL 4414847, at *4 (M.D. Pa. June 29, 2016)). Under RESPA, a plaintiff can recover actual damages and, "in the case of a pattern or practice of noncompliance," statutory damages in "an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1)(B).

To adequately plead actual damages under RESPA, a plaintiff must show both the existence of damages and that the breach caused the damages. *Jones v. Select Portfolio Servicing, Inc.*, No. 08-972, 2008 WL 1820935, at *9-10 (E.D. Pa. Apr. 22, 2008). "[T]he borrower has the responsibility to present specific evidence to establish a causal link between the financing institution's violation and [the borrower's] injuries." *Hager v. CitiMortgage, Inc.*, No. 16-3348, 2017 WL 751422, at *4 (D.N.J. Feb. 27, 2017) (internal quotation marks omitted) (quoting *Block v. Seneca Mortg. Servicing*, No. 16-0449, 2016 WL 6434487, at *22 (D.N.J. Oct. 31, 2016)). That is, "RESPA requires the damages to flow as a result of the violation." *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d 778, 782 (D.N.J. 2016) (citation omitted). "Actual damages encompass compensation for any pecuniary loss including such things as time spent away from employment while preparing correspondence to the loan servicer, and expenses for preparing, photocopying and obtaining certified copies of correspondence." *Wilson v. Bank of Am., N.A.*, 48 F. Supp. 3d 787, 799 (E.D. Pa. 2014) (quoting *Cortez v. Keystone Bank, Inc.*, No. 98-2457, 2000 WL 536666, at *12 (E.D. Pa. May 2, 2000)). For statutory damages, a plaintiff must show a "pattern or practice of noncompliance with the requirements of § 2605." *Hager*, 2017 WL 751422, at *4. In other

5

words, "[t]he plaintiff must [adequately allege] that the alleged violations were the standard or routine way of operating for the allegedly non-compliant loan servicer." *Davis*, 2017 WL 6336473, at *7 (citing *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009)).

In its June 2024 Opinion, the Court dismissed the Crists' RESPA claim because the Crists failed to plead facts to plausibly allege actual damages in support of their RESPA claim. (June 2024 Op. 8.) That is, the Crists failed to raise specific facts to plausibly allege a causal link between the financing institution's violation and their injuries. (*Id.*) Now, the Crists allege that they suffered actual damages as a result of Cenlar's purported RESPA violation in the form of: (1) legal fees (SAC ¶ 75(a)); (2) physical and emotional distress (*id.* ¶ 75(c)); and (3) Dr. Crist's financial losses (*id.* ¶ 75(b)).[7]

With the proper standard in place, the Court will consider each of the Crists' allegations as they pertain to actual damages to discern whether they are sufficiently plead to state a RESPA claim. For the reasons below, the Court finds that the Crists again fail to sufficiently plead actual damages resulting from Cenlar's purported RESPA violation.

### 1.  *Legal Fees*

First is the Crists' allegation that they suffered actual damages as a result of paid legal fees. (*Id.* ¶ 75(a).) Specifically, the Crists allege that they suffered "financial damages associated with legal fees incurred and paid to Hovatter Law for work directly related to . . . [Cenlar's] failure to respond to [the Crists'] repeated written requests for information associated with the servicing of the [l]oan, including . . . multiple QWR/[Notice of Error ("NOE")] requests." (*Id.*) This Court, however, has "found that litigation expenses are insufficient to satisfy the actual damages

---

[7] Similar to the Crists' FAC, the Crists' SAC does not allege statutory damages and thus statutory damages will not be discussed in this Memorandum Opinion. (*See generally* SAC.)

requirement of a RESPA claim because RESPA . . . allows [p]laintiffs to recover fees and expenses in addition to actual damages." *Davis*, 2017 WL 6336473, at *8 (citing *Giordano*, 160 F. Supp. at 783) (collecting cases). As such, the Crists' allegation that they suffered actual damages in the form of "legal fees incurred and paid to Hovatter Law for work directly related to . . . [Cenlar's] failure to respond to [them]" (SAC ¶ 75 (a)) is insufficient to support a RESPA claim. *See Davis*, 2017 WL 6336473, at *8.

### 2. *Physical and Emotional Distress*

Next, the Crists allege that they suffered actual damages in the form of physical and emotional distress. (SAC ¶ 75(c).) Specifically, the Crists allege that Cenlar's failure to timely respond directly caused "physical and emotional distress requiring Hilary's hospitalization and ongoing care." (*Id.*)

Here, the Crists' conclusory allegations of physical and emotional distress are insufficient to adequately plead a causal connection with Cenlar's alleged violation. *See Giordano*, 160 F. Supp. 3d at 784-85 (holding that a plaintiff's allegations of "non-pecuniary damages caused by the stress, anxiety and emotional distress that occurred when [defendant] failed to respond to the [Request for Information] ["]RFI["] and QWR letter" were insufficient to establish actual damages as such alleged injuries cannot "establish that the alleged distress was 'as a result of' the failure to respond to the RF[I]/QWR letter as opposed to the financial hardships [plaintiff] was already experiencing"). The Crists have not specifically tied their physical and emotional distress to Cenlar's alleged failure to timely and adequately respond to their QWR letter. Without additional allegations about what occurred between the call on November 9, 2022 (SAC ¶ 66) and the hospitalization on November 18, 2022 (*id.* ¶ 67), the Court cannot say the hospitalization was "*a result of*" Cenlar's purported violation—failure to timely respond—given the attenuated gap

7

between the two events, as opposed to the financial hardships the Crists' were already facing. *Giordano*, 160 F. Supp. 3d at 785; *see also Hager*, 2017 WL 751422, at *9 (finding sparse allegations of suffered injury lack a causal link between financing institution's violation and plaintiff's injuries because the logical chain between failure to provide information on mortgage payments and some pecuniary loss is too attenuated). As such, the Crists' allegations that they suffered "physical and emotional distress[,] requiring Hilary's hospitalization and ongoing care" (SAC ¶ 75(c)), without more, cannot constitute actual damages under RESPA. *Giordano*, 160 F. Supp. at 785 ("If a plaintiff simply can allege that failure to respond to a letter caused distress, without more, any RESPA claim would survive a motion to dismiss."); *see also Schmidt v. Wells Fargo Bank, N.A.*, No. 17-1708, 2019 WL 4943756, at *4 (D.N.J. Oct. 8, 2019) (finding that "the [c]ourt need not accept the conclusory statement that 'the failure to respond to the notice caused the plaintiffs additional emotional distress'" as "courts need not accept legal conclusions and threadbare recitals of elements" (quoting *Iqbal*, 556 U.S. at 678)).

        3.    ***Financial Losses***

Finally, the Crists allege that they suffered actual damages in the form of financial loss of income. (SAC ¶ 75(b).) Specifically, the Crists allege that "[Cenlar]'s failure to timely respond to their written requests" (*id.* ¶ 75) led to "financial damages by way of losses in income by . . . Dr. Crist, incurred during periods . . . Hilary . . . was hospitalized due to stress triggering an episode of atrial fibrillation onset by . . . [Cenlar's] lack of response to [their] repeated written requests" (*id.* ¶ 75(b)).

Here, the Crists fail to sufficiently allege damages that flowed *as a result of* the RESPA violation and instead merely assert in a conclusory manner that the "overall levels of stress associated with . . . [Cenlar's] failure to provide the necessary information . . . and [its] failure to

[timely] respond to the [Crists'] multiple requests for information . . . [led] to [Hilary's] hospitalization." (*Id.* ¶ 67.) As such, Dr. Crist's purported loss of income is insufficient to state actual damages for a RESPA claim. *See Cortez*, 2000 WL 536666, at *12 ("Actual damages encompass compensation for any pecuniary loss including such things as time spent away from employment while preparing correspondence to the loan servicer, and expenses for preparing, photocopying and obtaining certified copies of correspondence."). For these reasons, the Court dismisses the Crists' Federal Claim.

B. **The State Claims**

Having now dismissed the RESPA claim, the only claim over which this Court had original jurisdiction, the Court must consider whether to exercise supplemental jurisdiction over the Crists' remaining state law claims.

The Court possesses discretion in exercising supplemental jurisdiction and may decline to do so if "all claims over which it has original jurisdiction" are dismissed. 28 U.S.C. § 1367(c)(3). Federal district courts are given supplemental jurisdiction over state claims that "form part of the same case or controversy" as the federal claims over which the courts have original jurisdiction. *Id.* § 1367(a). The decision of whether to exercise supplemental jurisdiction where a court has dismissed all federal claims is left to the court's discretion as supplemental jurisdiction "is a doctrine of discretion, not of [a] plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). When deciding whether to exercise supplemental jurisdiction over state law claims, federal courts should consider "judicial economy, convenience, and fairness." *Id.* When all federal claims are eliminated before trial, however, those factors will point toward declining to exercise jurisdiction over the remaining state-law claims. *See Royal Canin U. S. A., Inc. v. Wullschleger*, No. 23-677, 2025 WL 96212, at *10 (U.S. Jan. 15, 2025).

9

As it is early in this case and the State Claims predominate over the dismissed Federal Claim, the Court declines to exercise supplemental jurisdiction over the State Claims. The Court, however, will permit the Crists one final opportunity to amend their Complaint because additional factual allegations may impact this Court's analysis.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Cenlar's Motion to Dismiss. The SAC is dismissed without prejudice. The Crists will be allowed one final opportunity to file a Third Amended Complaint. The Court will enter an order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE