UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DR. PETER A. CRIST, *et al.*,

          Plaintiffs,

    v.

CENLAR FSB, *et al.*,

          Defendants.

Civil Action No. 23-3448 (MAS) (TJB)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiffs Dr. Peter A. Crist and Hilary K. Crist's (collectively, "Plaintiffs") Motion to Transfer Case to Superior Court of New Jersey. (ECF No. 23.)

    On June 26, 2023, Plaintiffs filed a complaint in this Court against Defendants Cenlar FSB and CitiMortgage, Inc. (ECF No. 1.) Then, on August 14, 2023, Plaintiffs filed an amended complaint, alleging: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) conversion; (3) common law fraud; (4) consumer fraud under N.J. Stat. Ann. § 56:8-2; and (5) common law negligent misrepresentation.[1] (*See generally* Am. Compl., ECF No. 6.) On June 17, 2024, the Court dismissed Plaintiffs' amended complaint and granted Plaintiffs leave to file a second amended complaint ("SAC") (ECF No. 16), which Plaintiffs did against Cenlar FSB[2] (ECF No. 17). Cenlar FSB subsequently moved to dismiss the SAC (ECF No. 18), which the Court

---

[1] On October 31, 2023, the Court entered a Stipulation and Order of Voluntary Dismissal as to CitiMortgage, Inc. (ECF No. 14.)

[2] In Plaintiffs' SAC, Plaintiffs reasserted the same claims as those contained in their amended complaint. (*Compare* Am. Compl., *with* SAC.)

granted in a Memorandum Opinion dated January 23, 2025 ("January 2025 Opinion") (*see generally* Jan. 2025 Op., ECF No. 22).

In its January 2025 Opinion, the Court dismissed Plaintiffs' sole federal claim against Cenlar FSB—the RESPA claim. (Jan. 2025 Op. 4-9.) After dismissing the only claim that this Court had original jurisdiction over, the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. (*Id.* at 9-10.) The Court granted Plaintiffs leave to file a third amended complaint, which Plaintiffs did not do.[3] (*Id.*) Instead, Plaintiffs move to transfer this action to state court so that they can pursue their state-law claims.[4] (*See* ECF No. 23.)

A district court may remand a matter to state court if it was originally filed in state court and subsequently removed to federal court. *See* 28 U.S.C. § 1447(c). A district court may transfer a civil action to a different venue under 28 U.S.C. §§ 1404(a) or 1406(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "No federal statute[, however,] authorizes transfer of cases from a federal to a state court." *Weaver v. Marine Bank*, 683 F.2d 744, 751 (3d Cir. 1982).

Here, this matter was not removed from state court. (*See* ECF No. 1.) Rather, Plaintiffs directly filed their complaint with this Court. (*See id.*) The Court, therefore, cannot remand the matter to state court. Relatedly, the federal transfer statutes do not permit transfer from a federal

---

[3] Plaintiffs, in support of their Motion to Transfer, note that they do not intend to file a third amended complaint. (Cert. in Support of Mot. ¶ 4, ECF No. 23-1.)

[4] Out of an abundance of caution, the Court also considers whether it has the power to remand the instant action.

2

court to a state court. Plaintiffs' request, therefore, is without merit and is denied.[5] *See Roe v. The Arc Mercer, Inc.*, No. 19-19084, 2020 WL 4349902, at *4 (D.N.J. July 29, 2020) ("Districts courts may not transfer a case to state court, and may not remand a case to state court where it was initially filed in federal court." (citation omitted)).

**IT IS, THEREFORE,** on this 30th day of June 2025, **ORDERED** as follows:

1. Plaintiffs' Motion to Transfer Case to Superior Court of New Jersey (ECF No. 23) is **DENIED**.

2. The Clerk's Office is directed to close this case.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] In its January 2025 Opinion, the Court dismissed the SAC without prejudice. (Jan. 2025 Op. 10.) To the extent Plaintiffs intend to proceed with their state law claims, Plaintiffs may initiate suit in the Superior Court of New Jersey.

3